This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38164**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.

**DARRYL TURNER II,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his conviction for voluntary manslaughter on sufficiency grounds. This Court proposed summary affirmance. Defendant timely filed a memorandum in opposition (MIO), which we have duly considered. Unpersuaded, we affirm.

**{2}** Defendant contends the State failed to prove beyond a reasonable doubt that Defendant shot and killed the victim in this case. As discussed in our calendar notice, the evidence described in Defendant's docketing statement, although largely circumstantial in nature, appears to support the jury's inference that Defendant shot the

victim. [CN 3] Defendant continues to dispute whether the evidence at trial was sufficient to support this inference. [MIO 3-8]

**{3}** Defendant has not asserted any fact, law, or argument that persuades us that our analysis of the evidence was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We conclude that the evidence at trial, in light of the surrounding circumstances, furnished sufficient evidence for the fact-finder to draw appropriate inferences and conclude beyond a reasonable doubt that Defendant shot the victim in this case. *See State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 ("A reasonable inference is a conclusion arrived at by a process of reasoning which is a rational and logical deduction from facts admitted or established by the evidence." (alterations, internal quotation marks, and citation omitted)). To the extent the jury could have drawn different inferences from the testimony described in Defendant's memorandum in opposition, this Court does not reweigh the evidence on appeal. *Id.* ¶ 13 (stating that we "resolve all conflicts and make all permissible inferences in favor of the jury's verdict," and we "do not search for inferences supporting a contrary verdict or re-weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury" (alterations, internal quotation marks, and citations omitted)). In this case, "[j]ust because the evidence supporting the conviction was circumstantial does not mean it was not substantial[.]" *State v. Rojo*, 1999-NMSC-001, ¶ 23, 126 N.M. 438, 971 P.2d 829.

**{4}** For the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

**{5}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**